IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NINA MARTIN                                                                                               PLAINTIFF

v.                                              CIVIL NO. 04-2228

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff Nina P. Martin brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on April 22, 1998, alleging an inability to work since February 10, 1998, due to back problems, arthritis of the right hand, knees and left elbow, anxiety and depression. (Tr. 89-91, 428-430). For DIB purposes, plaintiff's was insured through December 31, 1999. (Tr. 107). An administrative hearing was held on October 8, 1999. (Tr. 143-166). On February 14, 2000, the ALJ issued an unfavorable decision. (Tr. 36-40).

On March 14, 2002, the Appeals Council denied plaintiff's request for review. (Tr.65-66). Plaintiff appealed this decision in federal district court. In a decision dated July 2, 2003,

this court remanded plaintiff's case back to the Commissioner so that she could more fully develop the record. (Tr. 68-74). The Appeals Council vacated the ALJ's decision and remanded plaintiff's case back to the ALJ on July 29, 2003. (Tr. 75-76). A supplemental hearing was held on July 13, 2004. (Tr. 438-459).

By written decision dated August 17, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift/carry up to fifty pounds occasionally, twenty-five pounds frequently; to stand and/or walk up to six hours out of an eight-hour workday; and to frequently bend and stoop. (Tr. 18-19). The ALJ further found plaintiff is somewhat limited as the result of memory/concentration impairments but is able to perform and carry out one-two step task-oriented instructions. (Tr. 18-19). With the help of vocational expert testimony, the ALJ determined plaintiff could perform her past relevant work as a hand packager and a machine washer. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied. When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 9,10).

AO72A
(Rev. 8/82)

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

## Discussion:

Of particular concern to the undersigned, is the ALJ's RFC determination. The ALJ has a duty to fully and fairly develop the record. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is free to disregard a treating/examining physician; however, he must have some professional medical evidence to support the RFC determination.

In the present case, the ALJ found plaintiff was able to perform medium work. However, in making this determination, the ALJ failed to discuss the opinion of consultative examiner, Dr.

4

Michael R. Westbrook.[1] *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). After examining plaintiff, Dr. Westbrook determined plaintiff could perform light work. (Tr. 309-311).

Defendant argues that the ALJ properly addressed Dr. Westbrook's medical assessment of ability to do work-related activities and findings and that the ALJ determined that Dr. Westbrook's exam notes conflicted with the assessment that he completed. While defendant is correct in stating it is the ALJ's duty to resolve conflicts, in the present case, a review of the ALJ"s opinion fails to show that the ALJ addressed Dr. Westbrook's assessment finding. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (holding that it is the ALJ's function to resolve conflicts among the various treating and examining physicians). As this is the only assessment of plaintiff's physical capabilities in the record, we are troubled by the ALJ's failure to address Dr. Westbrook's findings and to discuss why he chose to give this assessment little weight. The record clearly shows plaintiff has sought treatment for back and neck pain and that in June of 2004, plaintiff underwent MRIs of the lumbar and thoracic spine which revealed a small central disk protrusion with annular tear at L1-2, a tiny central disk protrusion at L5-S1, degenerative changes, a small right paracentral disk protrusion at T12-L1 but without spinal canal stenosis and minimal scoliosis. (Tr. 412-413).

We are also troubled by the ALJ's failure to address Dr. Westbrook's opinion that further testing was needed to assess plaintiff's possible carpal tunnel syndrome. (Tr. 307). In his

---

[1] We note there are additional treatment notes completed by a Dr. Michael R. Westbrook. There is only one Michael R. Westbrook licensed to practice in Arkansas so the court believes the consultative examiner and the treating doctor are one in the same person. http://www.armedicalboard.org/directory

evaluation notes, Dr. Westbrook noted plaintiff's complaints of hand pain and that her grip strength was only eighty percent of normal.

Based on the entire record, we do not find the ALJ's RFC finding that plaintiff is able to perform medium work supported by the record. We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to plaintiff's treating physicians, including Dr. Jerry Lenington, asking them to review plaintiff's medical records, complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ should then address these assessments in his opinion and specifically discuss the weight given to these assessments and his reasoning, including the objective evidence, for crediting or discrediting these physicians opinions. Once the ALJ has determined plaintiff's RFC, the ALJ should specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. In making his mental RFC finding, the ALJ appears to have relied on the progress notes completed by Dr. Joe Dorzab. (Tr. 319-321, 423-426). However, the ALJ failed to address Dr. Dorzab's opinion that plaintiff's life was "grossly impaired." (Tr. 423). On remand the ALJ is directed to address interrogatories to Dr. Dorzab

6

asking him to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question.

Finally, we are troubled by the ALJ's failure to address the side effects caused by plaintiff's medication. The medical evidence clearly shows plaintiff experiences drowsiness when she takes Methadone,[2] the only medication that appears to help relieve some of her back pain. (Tr. 367, 373, 376). On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski*, 739 F.2d at 1322, specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to her past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala,* 48 F.3d 1044 (8th Cir. 1995).

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

The parties are reminded that this matter is based upon a particularly mature application. Therefore, all participants are directed to be expeditious and thorough in the processing of this matter upon remand.

---

[2]Methadone is a synthetic narcotic. It is used legally to treat addiction to narcotics and to relieve severe pain, often in individuals who have cancer or terminal illnesses. http://www.usdoj.gov/ndic/pubs6/6096/

7

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of December 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)